Robert K. **DORNAN**, U.S. Congressman, et al., Appellants

v.

**UNITED STATES SECRETARY OF DEFENSE, et al.**

No. 88-5038.

United States Court of Appeals, District of Columbia Circuit.

Argued June 22, 1988.

Decided July 19, 1988.

Carl L. Shipley, Washington, D.C., for appellants.

Michael Jay Singer, Robert K. Rasmussen, Attys., Dept. of Justice, with whom Jay B. Stephens, U.S. Atty., and John R. Bolton, Asst. Atty. Gen., Washington, D.C., were on the motion for appellees.

Before WALD, Chief Judge, MIKVA and EDWARDS, Circuit Judges.

## ON MOTION FOR SUMMARY AFFIRMANCE

PER CURIAM:

Appellants, fifteen members of the House of Representatives and one Senator, have appealed the dismissal of their complaint by the district court. Naming various Cabinet members and the President of the United States as defendants, appellants sought a declaration that the President's "submission" to a congressional "usurpation" of his foreign policy responsibilities was an "unconstitutional abdication of duty and responsibility." Appellants further sought to enjoin the defendants from complying with various Acts of Congress, popularly known as the "Boland Amendments."

The district court predicated its dismissal of the complaint on several grounds. The court concluded that there were problems of standing and ripeness, as well as prudential concerns, that precluded a ruling on the merits. 676 F.Supp. 6.

Appellees have moved to summarily affirm the order of dismissal. They urge the court to affirm the dismissal of the complaint pursuant to *Melcher v. FOMC*, 836 F.2d 561 (D.C.Cir.1987), *cert. denied,* —— U.S. ——, 108 S.Ct. 2034, 100 L.Ed.2d 619 (1988).

It is clearly the law of this circuit that " '[w]here a congressional plaintiff could obtain substantial relief from his fellow legislators through the enactment, repeal, or amendment of a statute, the court should exercise its equitable discretion to dismiss the legislator's action.' " *Melcher v. FOMC*, 836 F.2d at 563, *quoting Riegle v. FOMC*, 656 F.2d 873, 881 (D.C.Cir.), *cert. denied,* 454 U.S. 1082, 102 S.Ct. 636, 70 L.Ed.2d 616 (1981). *See also Humphrey v. Baker*, 848 F.2d 211 (D.C.Cir.1988).

It is true that the "equitable discretion" formulation has proved elusive in some cases. Even if we were to abandon that test, however, plaintiffs' suit would still be dismissed for lack of standing. This court has never wavered from the proposition that individual members of Congress lack standing to prove claims such as presented here. There are indeed cases at the margin that pushed this restraint to its limit (*see, e.g., Kennedy v. Sampson*, 511 F.2d 430 (D.C.Cir.1974)), but this case is not so troublesome.

We have not sharply defined how Congress as an institution claims its standing in an appropriate case. Whatever those conundrums, this case involves a modest fraction of the Congress asking this court to tell the President how to carry out the duties of his office. Whether by repealing the "Boland Amendments" or by otherwise legislating on the subject of their concern, appellants have a great forum in which their standing is clear; ordained by the Constitution and confirmed by their voters, Congress is where these appellants must seek their succor.

Accordingly, because resolution of the issues presented by this appeal is so clear as not to require further briefing, *Taxpayers Watchdog, Inc. v. Stanley*, 819 F.2d 294, 297 (D.C.Cir.1987), the dismissal order of the district court is summarily affirmed.